**S. AMANDA MARSHALL, OSB # 953473**
United States Attorney
District of Oregon
**NATALIE WIGHT, OSB # 035576**
natalie.wight@usdoj.gov
**KEVIN DANIELSON, OSB # 06586**
kevin.c.danielson@usdoj.gov
Assistant United States Attorneys
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2902
Telephone: (503) 727-1000
Facsimile: (503) 727-1117
         Attorneys for Defendants

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **AMERICAN HUMANIST ASSOCIATION, and JASON MICHAEL HOLDEN,** | Case No.: **3:14-CV-00565-HZ** |
| **Plaintiffs,** | **DEFENDANTS UNITED STATES, FEDERAL BUREAU OF PRISONS and FCI SHERIDAN'S ANSWER TO AMENDED COMPLAINT** |
| **v.** | |
| **UNITED STATES OF AMERICA; FEDERAL BUREAU OF PRISONS; FEDERAL CORRECTIONAL INSTITUTION, SHERIDAN, OREGON; BOP WESTERN REGIONAL DIRECTOR JUAN CASTILLO; FCI SHERIDAN WARDEN MARION FEATHER; and FCI SHERIDAN CHAPLAIN RICHARD KOWALCZYK,** | |
| **Defendants.** | |

Defendants United States of America; Federal Bureau of Prisons; Federal Correctional Institution, Sheridan, Oregon (hereinafter known as "Defendants" for purposes of this Answer), by S. Amanda Marshall, United States Attorney for the District of Oregon, and through Natalie K. Wight and Kevin Danielson, Assistant United States Attorneys for the District of Oregon, respectfully submit this Answer to Plaintiffs American Humanist Association and Jason Michael Holden (hereinafter known as "Plaintiffs") Amended Complaint [ECF 22] as follows:[1]

## NATURE OF THE CLAIMS

1.      Defendants deny the allegations in paragraph 1.

2.      The allegations in paragraph 2 constitute a prayer for relief, to which no response is required.  If a response is deemed required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief at all.

## JURISDICTION AND VENUE

3.      The allegations in paragraph 3 state legal conclusions to which no response is required. If a response is deemed required, Defendants deny the allegations of jurisdiction and to any entitlement to relief.

4.      The allegation in paragraph 4 states a legal conclusion to which no response is required. If a response is deemed required, Defendants deny the allegations of jurisdiction.

## PARTIES

5.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 5 and therefore deny the allegation.

---

[1]      Defendants reserve the right to request leave to amend this Answer should it be required upon the completion of discovery.

6.      Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff is a resident of Washington and therefore deny the allegation.  Defendants admit that Plaintiff Holden has been a Federal Bureau of Prisons ("BOP") inmate designated to the Federal Correction Institution located in Sheridan, Oregon ("FCI Sheridan"), since April 21, 2010.

7.      Defendants admit the allegation in paragraph 7.

8.      Defendants admit the allegation in paragraph 8.

9.      Defendants admit the allegation in paragraph 9.

10.     Defendants deny the allegation in paragraph 10.  Defendant admits Kowalczyk has been the Supervisory Chaplain of the Religious Services Department at FCI Sheridan since December 2, 2012.

## FACTS

11.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and therefore deny the allegations.

12.     Defendants admit the allegation in paragraph 12.

13.     Defendants deny the allegation in paragraph 13.  Defendants admit that on December 17, 2014, FCI Sheridan housed approximately 1775 inmates.

14-25.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 14-25 and therefore deny the allegations.

26.     Defendants admit the allegations in paragraph 26.

27.     Defendants deny the allegation in paragraph 27.  Defendants aver that the institution Chaplain is responsible for approving an inmate's request to change his or her religious preference.

28.     Defendants aver that on April 15, 2012, Jason Michael Holden (hereinafter known as "Plaintiff Holden" for purposes of this Answer) submitted an Inmate Request to Staff to FCI Sheridan Chaplain Henderson asking to "change his religious status from Pagan to Atheist." Defendants aver that on July 13, 2012, Plaintiff submitted an Inmate Request to Staff to FCI Sheridan Supervisor of Education Cain indicating his interest in "starting a Humanist Group." Defendants aver that on July 18, 2012, Plaintiff Holden submitted an inmate Request to Staff to FCI Sheridan Warden and individual Defendant Marion Feather (hereinafter known as "Warden Feather" for purposes of this Answer) requesting to establish an Inmate Organization called "Humanists of Sheridan."

Defendants aver that on or about October 5, 2012, Plaintiff Holden submitted a New or Unfamiliar Religious Components Questionnaire (or BP-822) and the cover letter for the BP-822 submission indicated, among other things, that Plaintiff Holden wished to apply his First Amendment right of Freedom of Religion under the Free Exercise clause and the Religious Land Use of Institutionalized Persons Act; his religion is Humanism; he is a member of the Humanist Community of Silicon Valley; and that his response to the BOP-822 is sufficient to allow Humanism to be recognized as a religion by the BOP.

Defendants aver that on or about March 4, 2013, Plaintiff Holden submitted an Attempt at Informal Resolution form to his FCI Sheridan Unit Team asking that the Religious Services Department allow Humanist inmates to meet as a group.  Defendants aver that on or about March 11, 2013, Plaintiff Holden submitted a formal Request for Administrative Remedy to Warden Feather asking that the FCI Sheridan Religious Services Department allow Humanist inmates to meet as a group and make available "Humanist" as a religious assignment option.  Defendants

aver that on March 25, 2013, the BOP Western Regional Office received Plaintiff Holden's BP-10 Administrative Remedy Appeal requesting that Humanist inmates be allowed to meet as a group and that a religious assignment for "Humanist" be created.    Defendants aver that on May 6, 2013, the BOP Central Office received Plaintiff Holden's BP-11 appeal requesting that Humanist inmates be allowed to meet as a group and that a religious assignment for "Humanist" be created.  Defendants aver that on June 14, 2013, the BOP Central Office received Plaintiff Holden's BP-11 resubmitted appeal challenging the initial rejection of the BP-11 appeal and also resubmitting his requests that Humanist inmates be allowed to meet as a group and that a religious assignment for Humanist be created.

29. (i-xxxiv).   Defendants admit that BOP's Religious Preference Categories list the following groups in subparagraphs i-xxxiv as umbrella group identifiers linking religious groups and traditions/denominations with similar belief systems and/or structure in an effort to help organize religious programming at the institutions.

30. (i-v).   Defendants aver that the following subgroups listed in subparagraphs ii, iv, and v are listed in the description of the umbrella group identifiers and that subgroups i-v has been and/or is currently included on the FCI Sheridan Religious Services Program Schedule.  Defendants aver that subgroup I (Spanish Protestant) and subgroup iii (Native American Hawaiian are not listed in the description of the umbrella group identifiers.

31.    Defendants aver that "Humanist" is not listed on the BOP Religious Preference Categories.

32.    Defendants deny the allegation in paragraph 32.

33.    Defendants aver that a federal inmate may select Atheist as his or her religious preference assignment from the BOP Religious Preference Categories.

34.    Defendants deny the allegations in paragraph 34.

35.    Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 and therefore deny the allegations.  Defendants aver that Plaintiff Holden on or about April 15, 2012, sought to change his "religious status" from Pagan to Atheist by submitting an Inmate Request to Staff to FCI Sheridan Chaplain Henderson.

36.    Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 and therefore deny the allegations.

37.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 and therefore deny the allegations.  Defendants aver that Plaintiff Holden on or about April 15, 2012, sought to change his "religious status" from Pagan to Atheist by submitting an Inmate Request to Staff to FCI Sheridan Chaplain Henderson.

38.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 and therefore deny the allegations.

39.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 and therefore deny the allegations.

40. (i-vii).   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40, and all subparagraphs, and therefore deny the allegations.

41.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 and therefore deny the allegations.

42.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 and therefore deny the allegations.

43.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 and therefore deny the allegations.  Defendants aver that Buddhism is a separate BOP religious preference assignment from Atheism.

44.    Defendants deny the allegations in paragraph 44.

45.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 and therefore deny the allegations.  Defendants aver that the BOP uses religious preference to guide its accommodation of religious beliefs and practices. Defendants aver that inmates may request a religious category which best addresses his or her religious preference, including no preference or unknown.  Defendants aver that FCI Sheridan sets a quarterly Religious Service Program Schedule to provide time and space accommodations for religious groups or groups identified as religious in nature which are represented by the FCI Sheridan inmate population.

46.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 and therefore deny the allegations.  Defendants aver that the BOP uses religious preference to guide its accommodation of religious beliefs and practices. Defendants aver that inmates may request a religious category which best addresses his or her religious preference, including no preference or unknown.  Defendants aver that FCI Sheridan sets a quarterly Religious Service Program Schedule to provide time and space accommodations for religious groups or groups identified as religious in nature which are represented by the FCI Sheridan inmate population.

47.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 and therefore deny the allegations.  Defendants aver that the BOP uses religious preference to guide its accommodation of religious beliefs and practices. Defendants aver that inmates may request a religious category which best addresses his or her religious preference, including no preference or unknown.  Defendants aver that FCI Sheridan sets a quarterly Religious Service Program Schedule to provide time and space accommodations for religious groups or groups identified as religious in nature which are represented by the FCI Sheridan inmate population.

48.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 and therefore deny the allegations.  Defendants aver that the BOP recognizes that religious preference is a matter of personal choice.  Defendants aver that federal inmates may identify and select the religious preference category that best address their religious preference.

49.    Defendants aver that currently, the FCI Sheridan Religious Services Schedule provides separate time and space accommodations to groups including, but not limited to, Catholic Mass, 7th Day Adventist Study, Jehovah's Witness Service, Jehovah Witness Study, Jehovah Witness Spanish Study, Mormon Worship Service, Muslim Taleem, Muslim Jumah Prayer, and Jewish Sabbath.

50.    Defendants aver that the BOP recognizes that religious preference is a matter of personal choice.  Defendants aver that federal inmates may identify and select the religious preference category that best addresses their religious preference.  Defendants aver that currently, the FCI Sheridan Religious Services Schedule provides separate time and space accommodations to

groups including, but not limited to, Muslim Taleem, Muslim Jumah Prayer, and Nation of Islam Study, Nation of Islam, and Moorish Science Temple.

51.    Defendants aver that currently, the FCI Sheridan Religious Services Schedule provides separate time and space accommodations to groups including, but not limited to, Druid Worship, Druid Study, and Odinist/Asatru Study and Odinist/Asatru Worship.

52.    Defendants aver that work proscription days for religious holidays are approved if it is a commonly observed legitimate holy day that requires and individual to be free from work. Defendants aver that the level of scheduled activities is expected to be commensurate with the institution's mission/need.  Defendants aver that authorized congregate services will be made available for all inmates weekly with the exception of those inmates detained in any Special Housing Units.  Defendants also aver that while study groups may be approved, they are not required, and not every group has a study time.

53.    Defendants deny the allegations in paragraph 53.

54.    Defendants admit the allegations in paragraph 54.  Defendants aver that BOP Chaplains may contract with representatives of faith groups in the community to provide specific religious services which the Chaplain cannot personally deliver to, ordinarily, religious prescriptions or ecclesiastical constraints to which the Chaplain adheres.  Defendants aver that also, BOP Chaplains may secure the services of volunteers to assist inmates in observing their religious beliefs.

55.    Defendants deny the allegations in paragraph 55.

56.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 and therefore deny the allegations.

57.     Defendants deny the allegations in paragraph 57.

58.     Defendants deny the allegations in paragraph 58.

59.     Defendants deny the allegations in paragraph 59.

60.     Defendants aver that BOP policy prohibits inmate participation in unauthorized meetings or gatherings.

61.     Defendants admit the allegations in paragraph 61.

62.     Defendants deny the allegations in paragraph 62.  Defendants aver that at FCI Sheridan there does not need to be a group of four or more inmates of a certain religious designation in order to request a time slot on the Religious Services Program Schedule.

63. (i – xvi).   Defendants admit the allegations in paragraph 63, and all subparagraphs.

64.-66.   Defendants admit the allegations in paragraphs 64-66.

67.     Defendants aver that Muslim Taleem was scheduled in the Round Chapel from 12:00-1:30 pm on Mondays during the months of October, November, and December 2013.

68.-79.   Defendants admit the allegations in paragraph 68.-79.

80.-87.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80-87 and therefore deny the allegations.

88.     Defendants aver that a Humanist Study Group has been provided time and space accommodations by the FCI Sheridan Religious Services Department since July 2014.

89.     Defendants aver that FAITH sessions were included on the quarterly Religious Services Program Schedule during the month of October, November, December 2013.  Defendants deny that FAITH sessions are designed for inmates of the Christian faith.  Defendants aver that

FAITH sessions are faith-based reentry classes and are curriculum based.  Defendants aver that any inmate can submit a curriculum for consideration.

90.-93.    Defendants admit the allegations in paragraphs 90-93 to the extent that Plaintiffs are referring to the Religious Services Program Schedule for October, November, and December 2013.

94.    Defendants deny the allegations in paragraph 94.  Defendants aver that videos can be incorporated into the FAITH based sessions.

95.    Defendants deny the allegations in paragraph 95.  Defendants aver that a Humanist Study Group has been provided time and space accommodations by the FCI Sheridan Religious Services Department since July 2014.  Defendants aver that the schedule is determined by the Religious Services Department at FCI Sheridan.

96.    Defendants aver there are procedures in place by which an inmate may request time and space accommodations to practice his or her religious beliefs and the request will be considered by the appropriate BOP personnel.

97.    Defendants deny the allegations in paragraph 97.  Defendants aver that a request for time and space accommodations for Atheist inmates would be considered if a request was appropriately submitted.

98.    Defendants aver that that a request for time and space accommodations for Atheist inmates would be considered if a request was appropriately submitted.  Defendants aver that inmate members of religions and groups determined to be religious in nature are provided time and space accommodations by the FCI Sheridan Religious Services Department.

99.    Defendants aver there are procedures in place by which an inmate may request time and space accommodations to practice his or her religious beliefs and the request will be considered by the appropriate BOP personnel.

100.    Defendants deny the allegations in paragraph 100.

101. (i-xv).  Defendants admit the allegations in paragraph 101, and the related subparagraphs.

102.    Defendants aver that Buddhist Worship Services include, but are not limited to, meditation and watching videos.

103.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103 and therefore deny the allegations.

104.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104 and therefore deny the allegations.

105.    Defendants admit the allegations in paragraph 105.

106.    Defendants admit the allegations in paragraph 106.

107.    Defendants admit the allegations in paragraph 107.

108.    Defendants aver that with respect to implementation of Central Office Religious Issues Committee (RIC) recommendations, decisions regarding the Chaplaincy Services program's expansion rest with the Warden and are subject to the institution's parameters for maintaining a safe and secure institution and availability of staff for supervision.

109.    Defendants admit the allegations in paragraph 109.

110.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110 and therefore deny the allegations.

111.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111 and therefore deny the allegations.

112.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112 and therefore deny the allegations.

113.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113 and therefore deny the allegations.

114.    Defendants admit the allegations in paragraph 114.

115.    Defendants admit the allegations in paragraph 115.  Defendants aver that on or about April 29, 2012, Plaintiff Holden submitted an Inmate Request to Staff to FCI Sheridan Chaplain Henderson stating that he "would like to procure a classroom for one hour per week to be used for Atheist instruction to accommodate the Atheist population at FCI Sheridan, as per your recommendation."

116.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116 and therefore deny the allegations.  Defendants aver that on or about July 25, 2012, former FCI Sheridan Supervisory Chaplain Ronald Richter noted in a Memorandum for Warden Feather that he met with Plaintiff Holden and inmate Roy Rudy #15876-006 to discuss time and space for Atheist instruction.  Defendants aver that Supervisory Chaplain Richter noted in the memorandum that he and Chaplain Henderson were not opposed to giving the inmates time and space, but that they needed to pursue the process for "new and unfamiliar religions."  Defendants aver that former Supervisory Chaplain Richter also noted in his memorandum that he said that the group was more education/philosophical in nature and might be better accommodated in another area of the institution.

117.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117 and therefore deny the allegations.  Defendants aver that on or about July 25, 2012, former FCI Sheridan Supervisory Chaplain Ronald Richter noted in a Memorandum for Warden Feather that he met with Plaintiff Holden and inmate Roy Rudy #15876-006 to discuss time and space for Atheist instruction.  Defendants aver that former Supervisory Chaplain Richter noted in his memorandum that he believed he said that Plaintiff Holden could procure material through the mail and could practice his beliefs in his living area.  Defendants aver that former Supervisory Chaplain Richter also noted in his memorandum that he said that the group was more education/philosophical in nature and might be better accommodated in another area of the institution.

118.     Defendants admit the allegations in paragraph 118.

119.     Defendants admit the allegations in paragraph 119.

120.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120 and therefore deny the allegations.  Defendants aver that Plaintiff Holden submitted an Inmate Request to Staff to FCI Sheridan Supervisor of Education Cain dated July 13, 2012 stating that he was interested in starting a Humanist study group.  Defendants aver that in the Inmate Request to Staff dated July 13, 2012, he noted that attached to the Inmate Request to Staff was a copy of "the suggestion from Chaplain Richter," "a basic history and description", and Humanist Manifesto III.  Defendants aver that in a response from FCI Sheridan Supervisor of Education Cain dated August 17, 2012, she responded as follows: "I would want to see an outline and curriculum before even considering a class.  Education can't

support groups either for or against theism. Please come and see me in education for further discussion."

121.    Defendants admit the allegations in paragraph 121.

122.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122 and therefore deny the allegations.

123.    Defendants admit the allegations in paragraph 123.

124.    Defendants aver that in a letter dated August 1, 2012, Warden Feather indicated that FCI Sheridan does not currently have any Inmate Organizations, nor the accompanying institutional supplement for Inmate Organizations.  Defendants aver that the letter also stated that FCI Sheridan offers ample programming opportunities and programs for self-improvement.

125.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding when Plaintiff Holden submitted the other cop-out request to Warden Feather and therefore denies that specific allegation in paragraph 125.  Defendants aver that Warden Feather received an Inmate Request to Staff from Plaintiff Holden dated August 6, 2012 addressing the "denial of request to establish Humanists of Sheridan as an Inmate Organization."

126.    Defendants admit the allegations in paragraph 126.

127.    Defendants admit that Plaintiff Holden wrote in his Inmate Request to Staff dated August 6, 2012, that "The prison community does not yet provide individual the means to generate, develop, or cultivate the social ties of Humanism."

128.    Defendants admit the allegations in paragraph 128 with respect to what Plaintiff Holden wrote.

129.    Defendants admit the allegations in paragraph 129 with respect to what Plaintiff Holden wrote.

130.    Defendants deny the allegations in paragraph 130. Defendants aver that a Humanist Study Group has been provided time and space accommodations by the FCI Sheridan Religious Services Department since July 2014.

131.    Defendants deny the allegations in paragraph 131. Defendants aver that on August 17, 2012, FCI Sheridan Supervisor of Education Cain responded to Plaintiff Holden's request for starting a Humanist Group and stated "I would want to see an outline and curriculum before even considering a class. Education can't support groups either for or against theism. Please come and see me in education for further discussion."

132.    Defendants admit the allegations in paragraph 132.

133.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 133 and therefore deny the allegations.

134.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 134 and therefore deny the allegations.

135.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135 and therefore deny the allegations.

136.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 136 and therefore deny the allegations.

137.    Defendants admit the allegations in paragraph 137.

138.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138 and therefore deny the allegations. Defendants aver that Plaintiff

Holden's cover letter for the BP-822 submission indicates, among other things, that he wishes to apply his First Amendment right of Freedom of Religion under the Free Exercise clause and the Religious Land Use of Institutionalized Persons Act; his religion is Humanism; he is a member of the Humanist Community of Silicon Valley; and that his response to the BOP-822 is sufficient to allow Humanism to be recognized as a religion by the BOP.

139-149.  Defendants admit the allegations in paragraphs 139-149.

150.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150 and therefore deny the allegations.

151.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 151 and therefore deny the allegations.  Defendants aver that Arthur Jackson sent FCI Sheridan and named Defendant Supervisory Chaplain Kowalcyzk (hereinafter referred to as "Supervisory Chaplain Kowalczyk" for purposes of this Answer) a letter dated January 7, 2013 sending his credential verification material in order to become Plaintiff Holden's Minister of Record.  Defendants aver that an inmate will identify a minister of record by submitting a written request to the Chaplain and following a review of the minister's credentials and appropriate security checks, the chaplain will request that unit staff place the identified clergy person on the inmate's visitor list as the minister of records.  Defendants aver that an inmate may only have one minister of record at a time.

152.    Defendants aver that Warden Feather recalls speaking to Plaintiff Holden generally about his request for Humanist accommodations at FCI Sheridan, but does not recall the specifics of the conversation or conversations, including the date of the conversation or conversations.

Defendants aver that Warden Feather does not recall if she referred Plaintiff Holden to speak with the Chaplain "instead."

153.    Defendants deny the allegations in paragraph 153.  Defendants aver that Supervisory Chaplain Kowalcyzk had a conversation (specific date unknown) with Plaintiff Holden regarding his BP-822 request and Supervisory Chaplain Kowalcyzk recalls that he informed Plaintiff Holden that his request was pending review by BOP Central Office Religious Issues Committee (RIC).  Defendants aver that Supervisory Chaplain Kowalczyk does not recall the specifics of the conversation.

154.    Defendants aver that Supervisory Chaplain Kowalcyzk had a conversation (specific date unknown) with Plaintiff Holden regarding his BP-822 request and Supervisory Chaplain Kowalcyzk recalls that he informed Plaintiff Holden that his request was pending review by BOP Central Office RIC.  Defendants aver that Supervisory Chaplain Kowalczyk does not recall the specifics of the conversation.

155.    Defendants aver that Supervisory Chaplain Kowalcyzk had a conversation (specific date unknown) with Plaintiff Holden regarding his BP-822 request and Supervisory Chaplain Kowalcyzk recalls that he informed Plaintiff Holden that his request was pending review by BOP Central Office RIC.  Defendants aver that Supervisory Chaplain Kowalczyk does not recall the specifics of the conversation.

156.    Defendants aver that Supervisory Chaplain Kowalcyzk had a conversation (specific date unknown) with Plaintiff Holden regarding his BP-822 request and Supervisory Chaplain Kowalcyzk recalls that he informed Plaintiff Holden that his request was pending review by BOP

Central Office RIC.  Defendants aver that Supervisory Chaplain Kowalczyk does not recall the specifics of the conversation.

157.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 157 and therefore deny the allegations.

158.    Defendants aver that Supervisory Chaplain Kowalcyzk had a conversation (specific date unknown) with Plaintiff Holden regarding his BP-822 request and Supervisory Chaplain Kowalcyzk recalls that he informed Plaintiff Holden that his request was pending review by BOP Central Office RIC.  Defendants aver that Supervisory Chaplain Kowalczyk does not recall the specifics of the conversation.

159.    Defendants aver that Supervisory Chaplain Kowalcyzk had a conversation (specific date unknown) with Plaintiff Holden regarding his BP-822 request and Supervisory Chaplain Kowalcyzk recalls that he informed Plaintiff Holden that his request was pending review by BOP Central Office RIC.  Defendants aver that Supervisory Chaplain Kowalczyk does not recall the specifics of the conversation.

160.    Defendants deny the allegations in paragraph 160.  Defendants aver that Supervisory Chaplain Kowalcyzk had a conversation (specific date unknown) with Plaintiff Holden regarding his BP-822 request and Supervisory Chaplain Kowalcyzk recalls that he informed Plaintiff Holden that his request was pending review by BOP Central Office RIC.  Defendants aver that Supervisory Chaplain Kowalczyk does not recall the specifics of the conversation.

161.    Defendants aver that Supervisory Chaplain Kowalcyzk had a conversation (specific date unknown) with Plaintiff Holden regarding his BP-822 request and Supervisory Chaplain Kowalcyzk recalls that he informed Plaintiff Holden that his request was pending review by BOP

Central Office RIC.  Defendants aver that Supervisory Chaplain Kowalczyk does not recall the specifics of the conversation.  Defendants aver that part of the conversation included a recommendation that Plaintiff Holden also speak to the Education Department at FCI Sheridan.

162.    Defendants aver that Plaintiff Holden submitted an Attempt at Informal Resolution form to Correctional Counselor Brooks on or about March 4, 2013.  Defendants aver that an Attempt at Informal Resolution is typically known as a "BP-8 1/2" and is required to be completed prior to filing a Request for Administrative Remedy or "BP-9".

163.    Defendants admit the allegations in paragraph 163.

164.    Defendants admit the allegations in paragraph 164.

165.    Defendants deny the allegations contained in paragraph 165.  Defendants aver that in a response dated March 14, 2013, Warden Feather provided a response for informational purposes only.

166.    Defendants admit the allegations in paragraph 166.

167.    Defendants deny the allegations in paragraph 167.  Defendants aver that Warden Feather provided a response for informational purposes only and stated that "a designation of 'Atheist' already exists to encompass the Humanist point of view."

168.    Defendants aver that "Atheist" is a BOP Religious Preference Assignment. Defendants aver that on or about July 25, 2012, former FCI Sheridan Supervisory Chaplain Ronald Richter, noted in a Memorandum for Warden Feather that he met with Plaintiff Holden and inmate Roy Rudy #15876-006 to discuss time and space for Atheist instruction.  Defendants aver that Supervisory Chaplain Richter noted in the memorandum that he and Chaplain Henderson were

not opposed to giving the inmates time and space, but that they needed to pursue the process for "new and unfamiliar religions."

169.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169 and therefore deny the allegations.

170.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170 and therefore deny the allegations.

171.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171 and therefore deny the allegations.

172.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172 and therefore deny the allegations.

173.    Defendants deny the allegations in paragraph 173.

174.    Defendants aver that FCI Sheridan sets a quarterly Religious Service Program Schedule to provide time and space accommodations for religious groups or groups identified as religious in nature which are represented by the FCI Sheridan inmate population.

175.    Defendants aver that currently, the FCI Sheridan Religious Services Schedule provides separate time and space accommodations to groups including, but not limited to, Catholic Mass, 7th Day Adventist Study, Jehovah's Witness Service, Jehovah Witness Study, Jehovah Witness Spanish Study, Mormon Worship Service.

176.    Defendants aver that currently, the FCI Sheridan Religious Services Schedule provides separate time and space accommodations to groups including, but not limited to, Muslim Taleem, Muslim Jumah Prayer, Nation of Islam Study, and Nation of Islam.

177.    Defendants aver that currently, the FCI Sheridan Religious Services Schedule provides

separate time and space accommodations to groups including, but not limited to Druid Worship,

Druid Study, and Odinist/Asatru Study and Odinist/Asatru Worship.

178.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 178 and therefore deny the allegations.  Defendants aver that an inmate

may request time and space accommodations for worship services in the Religious Services

Department, and the inmate must demonstrate that the worship services are necessary for the

practice of the religion.

179.    Defendants deny the allegations in paragraph 179.  Defendants aver that Humanist is not

a separate BOP religious preference assignment, however, Defendants aver that FCI Sheridan

has provided time and space accommodations for the Humanist Study Group since July 2014**.**

Defendants aver that an inmate may request time and space accommodations for worship

services in the Religious Services Department, and the inmate must demonstrate that the worship

services are necessary for the practice of the religion.

180.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 180 and therefore deny the allegations.

181.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the

allegation regarding the date of when Plaintiff Holden mailed his Administrative Remedy BP-10

appeal and therefore deny that specific allegation in paragraph 181.  Defendants admit the

remaining allegations in paragraph 181.

182.    Defendants deny the allegations in paragraph 182.

183.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the date as to when Plaintiff Holden mailed his BP-11 appeal and therefore deny that specific allegation in paragraph 183.  Defendants admit the remaining allegations in paragraph 183.

184.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding what staff member delivered the rejection notice to Plaintiff Holden and therefore deny that specific allegation in paragraph 184.  Defendants admit the remaining allegations in paragraph 184.

185.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding if and when Unit Manager S. Price sent a letter to the U.S. Department of Justice on Plaintiff's behalf and therefore deny that specific allegation in paragraph 185. Defendants admit the remaining allegations in paragraph 185.  *See, infra*, Answer to paragraph 190.

186.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the date Plaintiff Holden resubmitted his BP-11 appeal and therefore deny that specific allegation in paragraph 186.  Defendants admit the remaining allegations in paragraph 186.

187.    Defendants deny the allegations in paragraph 187.  Defendants aver that on June 24, 2013, Plaintiff's BP-11 appeal was rejected by the Office of General Counsel as untimely.

188.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 188 and therefore deny the allegations.

189.    Defendants admit that on July 8, 2013, Plaintiff Holden sent an Inmate Request to Staff to Mr. Thompson requesting assistance with exhausting his administrative remedies in regards to Remedy ID #725733.

190.    Defendants admit that on July 16, 2013, Warden Feather responded to Plaintiff Holden's Inmate Request to Staff received on July 10, 2013 indicating that he should discuss his inability to file his remedy timely with his unit manager.  Defendants aver that in a letter dated May 29, 2013, FCI Sheridan Unit Manager Price wrote a letter on behalf of Plaintiff Holden indicating that Plaintiff Holden could not meet the resubmission deadline of his BP-11 appeal because the BP-11 in question was not received by the institution until after the deadline has passed. Defendants aver that FCI Sheridan Unit Manager Price requested that Plaintiff Holden be provided the opportunity to resubmit his appeal.

191.    Defendants admit the allegations in paragraph 191.

192.    Defendants deny the allegations in paragraph 192.  Defendants aver that Supervisory Chaplain Kowalczyk discussed with Plaintiff Holden what to name the study group.  Defendants aver that during the course of the conversation Supervisory Chaplain Kowalcyzk suggested "Unitarian Universalist" based on Plaintiff Holden's BP-822 request and Plaintiff Holden's assertion that "Religious Humanism in American was born out of the Unitarian Universalist church around 1915" and the other theological and historical information Plaintiff Holden provided on his BP-822 form.  Defendants aver that a Humanist study group has been included on the quarterly FCI Sheridan Religious Services Program Schedule since July 2014 and it is called "Humanist Study Group" on the schedule.

193.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 193 and therefore deny the allegations.

194.    Defendants aver that Supervisory Chaplain does not recall the specifics of what Plaintiff Holden said during the course of the conversation referenced in paragraph 194.

195.    Defendants aver that Supervisory Chaplain Kowalcyzk discussed with Plaintiff Holden the possibility that a Humanist label might be exclusionary to other inmates.  Defendants aver that a Humanist Study Group has been included on the quarterly FCI Sheridan Religious Services Program Schedule since July 2014 and it is called "Humanist Study Group" on the schedule.

196.    Defendants deny the allegations in paragraph 196.

## CAUSES OF ACTION

### Count 1: Establishment Clause of the First Amendment

197.    Defendants incorporate by reference the responses to the previous paragraphs above.

198. (i – vi).    Defendants deny the allegations in paragraph 198, and in the related subparagraphs.

199.    Defendants deny the allegations in paragraph 199.

200.    Defendants deny the allegations in paragraph 200.

201.    Defendants deny the allegations in paragraph 201.

### Count 2: Equal Protection Under the Fifth Amendment

202.    Defendants incorporate by reference its responses to the previous paragraphs above.

203. (i – v).  Defendants deny the allegations in paragraph 203, and in the related subparagraphs.

204.    Defendants deny the allegations in paragraph 204.

205.    Defendants deny the allegations in paragraph 205.

206.    Defendants deny the allegations in paragraph 206.

### Count 3: Bivens Damages for Violation of Constitutional Rights

207.    Defendants incorporate by reference its responses to the previous paragraphs above.

208.    Defendants deny the allegations in paragraph 208.

209.    Defendants deny the allegations in paragraph 209.

210.    Defendants deny the allegations in paragraph 209. The Plaintiffs are not entitled to a jury trial against defendant United States.

### Count 4: Administrative Procedure Act for Violation of Constitutional Rights

211.    Defendants incorporate by reference its responses to the previous paragraphs above.

212.    The allegation in Paragraph 212 states a legal assertion to which no response is required. If a response is deemed required, Defendants admit the Federal Bureau of Prisons is a named defendant.

213.    The allegation in Paragraph 213 states a legal conclusion to which no response is required.  If a response is deemed required, Defendants deny the allegation.

214.    Defendants deny the allegations in paragraph 214.

215.    The allegation in Paragraph 215 states a legal assertion to which no response is required. If a response is deemed required, Defendants deny the allegation.

216.    Defendants deny the allegations in paragraph 216.

217.    Defendants deny the allegations in paragraph 217.

218.    Defendants deny the allegations in paragraph 218.

219.    The allegation in Paragraph 219 states a legal conclusion to which no response is required.  If a response is deemed required, Defendants deny the allegation.

## RELIEF SOUGHT

220.    Defendants incorporate by reference the responses to the previous paragraphs above.

221. (i – xxi).  The allegations in Paragraph 221 constitute a prayer for relief, to which no response is required.  If a response is deemed required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief at all.

To the extent that Defendants have not answered any remaining allegation contained herein or  that a response is deemed required, Defendants generally and specifically deny the remaining allegations.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendants Juan D. Castillo, Marion Feather, and Richard Kowalczyk are entitled to qualified immunity.

### Second Affirmative Defense

The complaint failed to state any cognizable claim against any Defendant.

### Third Affirmative Defense

The Plaintiffs claims against the United States of America are barred because the United States of America has not waived sovereign immunity for constitutional violations by employees or for the claims alleged in this action.

### Fourth Affirmative Defense

Plaintiffs are not entitled to a jury trial against Defendant United States of America.

**Fifth Affirmative Defense**

Defendants reserve the right to assert lack of personal jurisdiction  as to Defendant Juan D. Castillo.  Plaintiffs did not oppose the dismissal of the claims against Defendant Castillo. ECF 27 at 5.

**Sixth Affirmative Defense**

To the extent this Court construes Plaintiffs claims to assert national *Bivens* issues against the United States, Federal Bureau of Prisons and FCI Sheridan, Defendants reserve the right to assert improper venue.

**Seventh Affirmative Defense**

The Court has no jurisdiction over claims because the issues are moot.

**Eighth Affirmative Defense**

The Court has no jurisdiction for a *Bivens*-type cause of action where other available statutory remedies exist.

**Ninth Affirmative Defense**

Defendants reserve the right to raise any such affirmative defenses as may be determined upon completion of discovery.

**CONCLUSION**

WHEREFORE, having fully answered Plaintiffs' Amended Complaint, Defendants respectfully request that the Court enter judgment dismissing Plaintiffs' Amended Complaint with prejudice.

//

Dated this 19th day of December 2014.

Respectfully submitted,

S. AMANDA MARSHALL
United States Attorney
District of Oregon


 /s/ *Natalie K. Wight*
NATALIE K. WIGHT
Assistant United States Attorney